496 P.2d 715

Jose M. OROSCZO, Plaintiff and
Appellant,

v.

˙WESTERN PACIFIC RAILROAD COMPA-
NY, Defendant and Respondent.

No. 12623.

Supreme Court of Utah.

April 25, 1972.

George K. Fadel, Bountiful, for plain-
tiff and appellant.

Van Cott, Bagley, Cornwall & McCarthy,
Clifford L. Ashton, Richard W. Giauque,
Salt Lake City, for defendant and re-
spondent.

HENRIOD, Justice:

Appeal from a no-cause-of-action judg-
ment. Affirmed. No costs awarded.

Preliminarily, this action, pursued under
the Federal Employers' Liability Act,[1] for
damages arising out of a July 1, 1965, in-
jury incurred when plaintiff, defendant's
employee as section hand, attempted to
board a slowly moving car,—which was
his home,—belonging to defendant. Com-
plaint was filed on August 4, 1966, one year
later. Answer was filed 12 days later
on August 16, 1966,—evidencing an un-
usual display of defensive assurance. So
far as the record here is concerned, there

1. 45 U.S.C. (Secs. 51, 53 and 54).

followed a procedural paralysis which refrigerated the complaint, the parties and the wheels of justice until nearly four years, when plaintiff served interrogatories on defendant,—ironically on "Law Day, USA, 1970." A month later defendant filed an Answer that intimated plaintiff was drunk at the time. Meantime, Baca, who allegedly kicked Orosczo off the train under a protective FELA parasol umbraging plaintiff against contributory negligence and assumption of risk defense, departed this life on February 10, 1966,—not by falling from a train but from an auto. Nonetheless, trial was had on June 29, 1971, six years after the event, and five and one-half years after Baca's untimely departure,—no kudo for speedy justice.

Little is left to discuss save the facts, briefly recounted as follows: Plaintiff's foreman was Baca. The latter tried to prevent him from boarding the moving train. The reason, so the story of defendant goes, was to protect plaintiff from his drunken stupor,—emphasized by the plaintiff's unorthodox and antiregulatory insistence on boarding the train with a paper bag filled with one can,—two cans, —or a six-pack of beer,—whichever evidence might suit the fancy of a robed judicial palate. Plaintiff, drunk as they said he was, insisted that Baca pushed him. Baca's absence prevented his denial of such an un-Christian gesture. Suspected mourners at Baca's last rites said there was no pushing at all but only the employment of that reasonable force that any reasonable man would have used to suppress the alleged inebriate from boarding. Some evidence said plaintiff was pushed. Some said that he just fell. Some said he had been drinking with the boys and some said, well, maybe, but maybe not too much.

What is a self-respecting magistrate to do under such forgettable circumstances? The answer is not too diaphanous, but if substantial evidence supports the trial court, traditionally we affirm, so we affirm here since we believe there is such evidence.

As we view this case, the only question is not whether common law defenses of contributory negligence, assumption of risk, etc., have been abolished in FELA cases, but whether the fundamental principle persists that recovery can be had only for an injury in the course of employment where the employer or a co-employee actually has been negligent in some respect and the plaintiff has proved it. In so saying we conclude that the trial court, applying such test, was correct in determining that plaintiff did not sustain such burden, as reflected in the believable, admissible evidence.

CALLISTER, C. J., and TUCKETT, and CROCKETT, JJ., concur.

ELLETT, J., concurs in the result.